UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUDSON BAY MASTER FUND LTD., <br><br> Plaintiff, <br><br> -*against*- <br><br> IMMUNE PHARMACEUTICALS, INC., <br><br> Defendant. | _____ Civ. _____ <br><br> COMPLAINT |

Hudson Bay Master Fund Ltd. ("Hudson Bay" or "Plaintiff"), by its attorneys, Olshan Frome Wolosky LLP, for its Complaint against Immune Pharmaceuticals, Inc. ("Immune" or "Defendant"), states as follows:

### The Parties

1. Plaintiff Hudson Bay is incorporated in the Cayman Islands as an exempted company under the Cayman Islands Companies Law, with its registered office in the Cayman Islands. Hudson Bay is a private investment fund that invests in securities and related instruments.

2. Defendant Immune is a Delaware corporation with its principal place of business at 1 Bridge Plaza N., Suite 270, Fort Lee, New Jersey 07024. The Company's shares are publicly traded under the ticker symbol "IMNP." Immune is a biopharmaceutical company developing novel therapeutic agents for the treatment of immunologic and inflammatory diseases.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over Plaintiff's claims in this action pursuant to 28 U.S.C. § 1332(a)(2) because Plaintiff is a citizen of a foreign state, and Defendant is a citizen of New Jersey and Delaware, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the parties have designated this District as the stipulated venue for adjudication of their disputes.

5. Defendant has consented to personal jurisdiction pursuant to the written instruments at issue herein. Specifically, Section 9(d) of the Convertible Note (as defined below) provides that

> Each party agrees that all legal proceedings concerning the interpretation, enforcement and defense of the transactions contemplated by any of the Transaction Documents (whether brought against a party hereto or its respective Affiliates, directors, officers, shareholders, employees or agents) shall be commenced in the state and federal courts sitting in the City of New York, Borough of Manhattan (the "<u>New York Courts</u>"). Each party hereto hereby irrevocably submits to the exclusive jurisdiction of the New York Courts for the adjudication of any dispute hereunder or in connection herewith or with any transaction contemplated hereby or discussed herein (including with respect to the enforcement of any of the Transaction Documents), and hereby irrevocably waives, and agrees not to assert in any suit, action or proceeding, any claim that it is not personally subject to the jurisdiction of such New York Courts, or such New York Courts are improper or inconvenient venue for such proceeding.

**Factual Background**

6. On or about October 4, 2018, Defendant Immune issued to Plaintiff an Original Issue Discount Convertible Debenture ("the Convertible Note") in the principal amount of $437,500, a copy of which is annexed as Exhibit A.  The Convertible Note was issued to cure defaults under prior instruments.  Under Section 2 of the Convertible Note, the principal amount became due and payable on the earlier of November 18, 2018 or the closing of financings with gross proceeds to Immune equal to $3,000,000 in the aggregate.  Defendant did not raise the necessary proceeds and as a result the Convertible Note matured November 18, 2018. Defendant did not pay any principal on that date.  Defendant has filed a Form 8-K with the Securities and Exchange Commission acknowledging the maturity of the Convertible Note and its default

thereunder. As a result of Defendant's default, plaintiff is entitled to recover the "Mandatory Default Amount" set forth in Section 8(b) of the Convertible Note, plus interest at the rate of 1.5% per month on the foregoing, also as required by Section 8(b), as well as its attorneys fees, less certain payments made after default totaling $10,000. The amount due as of December 13, 2018 is in excess of $600,000, and it will continue to increase as interest accumulates.

AS AND FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

7. Plaintiff repeats the allegations in paragraphs 1 to 6 above.

8. The Convertible Note is a valid and binding contract, enforceable according to its terms.

9. Plaintiff has performed all of its obligations under the Convertible Note.

10. As a direct and proximate result of defendant's breach of the Convertible Note plaintiff is entitled to recover all sums due under the Convertible Note, an amount estimated to exceed $600,000, plus attorneys fees.

WHEREFORE, Plaintiff prays that the Court award the following relief:

A. For an order awarding Plaintiff compensatory damages in an amount to be determined at trial, but estimated to exceed $600,00, plus , interests, costs and attorneys fees;

B. Such other and further relief as the Court deems just and proper.

4837146-2

Dated: New York, New York
December 13, 2018

          OLSHAN FROME WOLOSKY LLP

By: */s/ Thomas J. Fleming*
Thomas J. Fleming
1325 Avenue of the Americas
New York, New York 10019
(212) 451-2300
*Attorneys for Plaintiff Hudson Bay Master Fund Ltd.*

4